## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

In re:

Jeffrey Martinovich,                                    Case No. 11-70594-SCS

             Debtor.                          Chapter 7

## MOTION TO REOPEN CASE AND TO ORDER
## APPOINTMENT OF TRUSTEE

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, moves

this Court to reopen this case and to order the appointment of a trustee, and in support of the

Motion states:

1.      On February 10, 2011, the debtor filed a voluntary chapter 7 bankruptcy petition.

2.      Carolyn L. Camardo was appointed as chapter 7 trustee.

3.      On October 2, 2019, Camardo filed her Chapter 7 Trustee's Final Account. *See*

ECF No. 255.

4.      On February 16, 2012, the Court issued a discharge order. *See* ECF No. 159.

5.      On October 8, 2019, the case was closed. *See* ECF No. 257.

6.      On or about June 24, 2020, the U.S. Trustee received notice that the debtor is

entitled to unclaimed property held by the Treasury for the Commonwealth of Virginia. *See*

*Exhibit A* ("Unclaimed Property Sheet").

7.      Upon information and belief, the debtor maintained an interest in the unclaimed

property as of the Petition Date.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

8.      The debtor did not disclose the unclaimed property in his schedules and statements.

9.      The bankruptcy estate, as defined by section 541, includes "all legal or equitable interests of the debtor in property as of the commencement" of bankruptcy. 11 U.S.C. § 541(a)(1).

10.     The concept of property of the estate is broad and covers "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 461 (6th Cir. 2013); *see also Logan v. JKV Real Estate Servs. (In re Brogdan),* 414 F.3d 507, 512 (4th Cir. 2005) (citations omitted).

11.     All assets of the estate are to be scheduled and disclosed on the debtor's schedules and statements. Once an asset is scheduled the trustee has the right to either administer or, if burdensome, abandon the asset. *See In re Lehoist*, 344 B.R. 782, 784 (Bankr. N.D.W.Va. 2006).

12.     If the trustee neither administers or abandons a scheduled asset, the asset will be deemed abandoned upon closure of the case. *See* 11 U.S.C. § 554(c); *Wissman v. Pittsburgh National Bank*, 942 F.2d 867, 873 (4th Cir. 1991) ("If the trustee does nothing to administer the scheduled property before the case closes, i.e., does nothing to pursue the action, it will then be deemed abandoned by operation of law.") (citations omitted).

13.     An undisclosed asset will remain property of the estate despite closure of the bankruptcy case. *In re Ahearn*, 318 B.R. 638, 642-43 (Bankr. E.D.Va. 2003) (citations omitted); *see also In re Clark*, BAP No. CC–11–1322–KiMkH, 2012 WL 1911926, at *6 (9th Cir. BAP May 25, 2012).

14.     Since the unclaimed property was not disclosed in the debtor's schedules it remains property of the estate.

15.     Pursuant to Section 350(b) "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

16.     The Court should reopen the underlying case to allow a chapter 7 trustee to investigate whether to administer or abandon this previously undisclosed asset of the estate. Fed. R. Bankr. P. 5010.

WHEREFORE the U.S. Trustee respectfully requests that this Court reopen this case, order the appointment of a trustee herein, and for such other and further relief as the Court shall deem necessary and just.

RESPECTFULLY SUBMITTED,
John P. Fitzgerald, III, Acting U.S. Trustee
for Region Four

By: /s/ Nicholas S. Herron

Kenneth N. Whitehurst, III, Esq.
Assistant U.S. Trustee

Nicholas S. Herron, Esq.
Trial Attorney

## CERTIFICATE OF SERVICE

I certify that on **13<u>th</u> day of July 2020**, service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09. A copy of this Motion, Notice of Motion and Exhibit(s) was mailed to: Jeffrey Martinovich, 965 Drivers Lane, Newport News, Virginia 23602 (Debtor); Dana S. Power, Esq., Harbour Law, PLC, 500 East Plume Street, Suite 801, Norfolk, Virginia 23510 (Debtor's Counsel) by regular first class, United States mail, postage prepaid.

<u>/s/ Nicholas S. Herron</u>